IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRIAN INGRAM WILLIS,

        Petitioner,

v.

JOE DECAMP,

        Respondent.

Civil No. 08-1426-AC

FINDINGS AND RECOMMENDATION

    THOMAS J. HESTER
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    JOHN R. KROGER
    Attorney General
    JONATHAN W. DIEHL
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

ACOSTA, Magistrate Judge.

1 - FINDINGS AND RECOMMENDATION -

Petitioner, an inmate at the Deer Ridge Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus should be DENIED.

## BACKGROUND

On July 19, 2002, a Marion County grand jury indicted Petitioner on one charge of Sexual Abuse in the First Degree. The Indictment alleged the following:

> The [Petitioner] on or about 05/04/02 in Marion County, Oregon, did unlawfully and knowingly subject [the victim] a person under the age of fourteen years, to sexual contact by touching her genital area, a sexual intimate part of [the victim].

Resp. Exh. 102.

The case proceeded to a jury trial. The victim testified she was staying with a family friend, Tiffany Hutton. One evening, she had fallen asleep on the couch in Ms. Hutton's apartment and she awakened to find Petitioner's hand under the blanket that was covering her, and that he was rubbing her vaginal area over her clothes and touching himself. When asked how she knew Petitioner was touching himself, the victim responded "[b]ecause he grabbed my hand and put my hand on his penis. And I many times removed my hand but he kept on coming back." Resp. Exh. 103, pp. 23-24. The victim had not previously disclosed that Petitioner put her hand on his penis. All of her prior statements referred only to Petitioner's touching her genital area.

The victim said the rubbing by Petitioner lasted for five to ten minutes. She stated she was "stunned" and "scared" and, therefore, did not call out to Ms. Hutton, who was in the room but working at a computer with her back turned. The victim testified Petitioner stopped the rubbing when Ms. Hutton asked him to microwave a burrito for her. When Petitioner left, the victim told

2 - FINDINGS AND RECOMMENDATION -

Ms. Hutton he had touched her. They did not contact the police. Another of the victim's friends called the police a day or two later.

Petitioner testified he had gone to Ms. Hutton's apartment at her invitation. He testified he sat down next to the victim on the couch, but that the only physical contact between them was when "pushed her leg" because it had "started to scoot across onto [his] lap." *Id*. at p. 79. After he went to heat up a burrito at Ms. Hutton's request, Ms. Hutton asked him if he had touched the victim, and he explained he did so only to push her leg off his lap.

The jury found Petitioner guilty. The trial judge sentenced Petitioner to a mandatory 75-month term of imprisonment, and imposed a consecutive six-month term for a related probation revocation.

Petitioner directly appealed. He argued the trial court erred in not instructing the jury that ten of its members must agree on the particular, discrete act of sex abuse in order to convict. Petitioner conceded the error was not preserved at trial, but asked the Court of Appeals to address it as "plain error." The Oregon Court of Appeals affirmed without opinion. *State v. Willis*, 196 Or. App. 639, 103 P.3d 1212 (2004). Petitioner did not file a petition for review to the Oregon Supreme Court.

Petitioner did seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the state PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Willis v. Hill*, 220 Or. App. 131, 185 P.3d 571, *rev. denied*, 345 Or. 159, 190 P.3d 380 (2008).

On December 5, 2008, Petitioner filed his habeas corpus action in this court. In his Petition for Writ of Habeas Corpus, Petitioner alleges one claim for relief:

3 - FINDINGS AND RECOMMENDATION -

> **Ground One:** Trial counsel was ineffective and inadequate under the Sixth and Fourteenth Amendment (U.S. Const.).
> **Supporting Facts:** Trial counsel failed to request jury concurrence instruction requiring the jurors to agree on the theory of Sex Abuse I on which they were voting to convict, where petitioner was indicted on a single count and complainant described two distinct violations of the statute.

Respondent contends Petitioner's claim does not warrant federal habeas corpus relief because the state PCR court correctly denied it on the merits in a decision that is entitled to deference.

## LEGAL STANDARDS

### I.     Deference to State Court Decisions

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [ the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).  A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

4 - FINDINGS AND RECOMMENDATION -

## II.  Ineffective Assistance of Counsel Standard

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

## DISCUSSION

Petitioner argues trial counsel provided ineffective assistance when he failed to ask the trial judge to instruct the jury that at least ten jurors must agree Petitioner was guilty of the conduct

5 - FINDINGS AND RECOMMENDATION -

alleged in the indictment when the victim's trial testimony included a description of a new and different act of sexual abuse distinct from that charged in the indictment. Petitioner argues that, under *State v. Boots*, 308 Or. 371, 780 P.2d 725 (1989), counsel should have asked the trial judge to instruct the jury that they were required to agree on which specific act of molestation – Petitioner's fondling of the victim's vaginal area or his grabbing the victim's hand and placing it over his penis – constituted Sexual Abuse in the First Degree.

In *Boots*, the defendant was charged, based on a single murder, with alternative theories of aggravated murder. The trial court expressly instructed the jurors, over defendant's objection, that they could return a verdict of guilty of aggravated murder without reaching unanimity on which of the two theories as long as all twelve found him guilty of either. *Boots*, 308 Or. at 374-75. The Oregon Supreme Court held this instruction was error, because the two separate theories of aggravated murder were different offenses based on different elements and thus should have been submitted separately to the jury. *Id*. at 375-77. The Court expressly distinguished the situation where a single charge is submitted to the jury under alternative factual theories:

> Nor is it a question whether a jury could "choose" between different ways in which a defendant participated in the crime. It is not a matter of "choosing" but of factfinding. If more than one way is charged and proved to the jury's unanimous satisfaction, the jury need not "choose" and there is no difficulty. The problem arises precisely when none of the alternative ways has been proved to the satisfaction of all jurors, when one or more jurors is in doubt about each of the alternatives charged. We are not speaking here of factual details, such as whether a gun was a revolver or a pistol and whether it was held in the right or the left hand. We deal facts that the law (or the indictment) has made essential to a crime.

*Id*. at 379.

6 - FINDINGS AND RECOMMENDATION -

At the PCR hearing, the trial judge rejected Petitioner's claim that counsel's failure to request a *Boots* instruction amounted to ineffective assistance. The judge explained his rejection as follows:

> Now as I indicated, the real issue here was the failure to request a [B]oots instruction. Maybe, maybe the defen[s]e attorney should have asked for a [B]oots instruction. Maybe the fact that everybody was surprised including him that, for the first time the victim here testified that [Petitioner] . . . grabbed her hand and put it on his penis. . . . [T]he state argues that the law was unsettled at the time. I'm not sure if that's correct, but what I do find is this. The evil that the Boots instruction seeks to avoid is this, and that is where two, such as here, two wrongful illeg[al] sexual acts are proven and at least five jurors agree on one act and five agree on another act and then they combine it together. However, here the DA . . . in closing argument used this – second surprise touching only to show that the initial touching was not inadvertent or not by accident or not pushing this aside just to get aside, but was an act to satisfy the sexual urgings of, of the petitioner. . . . I guess what I'm finding is that under these circumstances where the DA was so specific about this number ones argued that this in itself was a crime the indictment doesn't charge that. I don't find that the failure to ask for [a] Boot instruction would have affected the verdict in this case. Should it have been give[n] I don't have to reach that point, but a that's a good – a good issue.

Resp. Exh. 127, p. 20.

The PCR trial judge also issued the following pertinent written Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT:

\* \* \*

7. Petitioner's allegation in paragraph 9e of the Formal Petition [for Post-Conviction Relief] concerns testimony by the victim that petitioner put her hand on his penis.

8. At closing argument, the prosecutor mentioned the victim's testimony that petitioner put the victim's hand on petitioner's penis in support of the prosecution's argument that petitioner's rubbing of the victim's vaginal area was not an inadvertent act.

7 - FINDINGS AND RECOMMENDATION -

9. The prosecution did not argue that petitioner's putting the victim's hand on petitioner's penis constituted sexual contact.

\* \* \*

## CONCLUSIONS OF LAW

1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

\* \* \*

7. The prosecutor's questioning of the victim as to petitioner's putting the victim's hand on petitioner's penis, was relevant to show that petitioner's touching of the victim's genitals was knowing.

\* \* \*

9. Trial counsel was not ineffective in not objecting to the jury instructions and failure to request a Boots instruction did not have a tendency to affect the verdict.

Resp. Exh. 128, pp. 3-5.

It is clear that the PCR trial court determined that state law did not require a more specific jury instruction in Petitioner's case because the evidence that Petitioner made the victim touch him was not presented to the jury by the prosecution as constituting sexual contact. "[A] federal court is bound by the state court's interpretations of state law." *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000). As a result, because state law did not require a more specific instruction, counsel was not constitutionally ineffective for not requesting one.

Moreover, the PCR trial court found that counsel's failure to request a *Boots* instruction did not prejudice Petitioner because it "did not have a tendency to affect the verdict." Based on the

8 - FINDINGS AND RECOMMENDATION -

record, and in the absence of any evidence that the jurors who convicted Petitioner were not unanimous in terms of the sexual contact for which Petitioner was charged and found guilty, the PCR trial court's decision was neither contrary to nor an unreasonable application of *Strickland*. As such, the state court decision denying relief on this claim is entitled to deference, and federal habeas corpus relief must be denied.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment of DISMISSAL should be entered. Should Petitioner appeal, a certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 14, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 29th day of April, 2010.

       /s/John V. Acosta
      John V. Acosta
      United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION -

Case 3:08-cv-01426-AC    Document 27    Filed 04/30/10    Page 10 of 10

10 - FINDINGS AND RECOMMENDATION -    P:\Acosta\08-1426willis0429f&r.wpd